IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01953-WJM-NRN

WISP PARTNERS, INC.,

Plaintiff,

v.

WISPER ISP, LLC,

Defendant.

---

**ORDER GRANTING
PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
(DKT. #36)**

---

**N. REID NEUREITER
United States Magistrate Judge**

This matter comes before the Court on Plaintiff Wisp Partners Inc.'s Motion for Leave to File second Amended Complaint, filed June 6, 2023. Dkt. #36. Judge Martinez referred the matter to me. Dkt. #37. Defendant Wisper ISP, LLC opposed the motion. Dkt. #39. Plaintiff filed a reply. Dkt. #40. The Court heard argument on the motion on June 28, 2023. *See* Dkt. #41.

**Standard under Rule 15 for allowing Amendment of Complaint**

Rule 15(a)(2) directs a trial court to "freely give leave [to amend a complaint] when justice so requires." It is a rule intended "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Mintowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

The grant or denial of an opportunity to amend is within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1970). Notwithstanding the liberal intent of the Rule, if there is "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought" need not be granted. *Minter*, 451 F.3d at 1204 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A proposed amendment is futile "if the complaint, as amended, would be subject to dismissal." *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008) (quoting *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007)).

Undue delay occurs where the plaintiff's amendments "make the complaint 'a moving target.'" *Minter*, 451 F.3d at 1206 (10th Cir. 2006) (quoting *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998)). "A party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." *Id.* at 1205 (citation omitted). The longer the delay, "the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Id.* (citing *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)). Undue delay may also occur where a plaintiff was aware of all the information on which the proposed amendment is based before the filing of an earlier complaint. *See Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027

(10th Cir. 1994) (noting that filed motion to amend "was not based on new evidence unavailable at the time of the original filing").

**Nature of this Case**

This case, at base, is a breach of contract dispute between a consultant (Plaintiff) and telecommunications service provider (Defendant) relating to the FCC's bidding process for the Connect America Fund Auction. After the contract was entered into, the FCC issued regulations that made it so that Plaintiff could not fulfill certain of its obligations under the contract. It did, however, provide some services to the Defendant. Plaintiff now claims that either as a matter of contract, or as a matter of quasi-contract (unjust enrichment or some other equitable principle), it is entitled to some additional payment (a "success fee") from the Defendant, which was a successful bidder in the auction. Defendant asserts, among other defenses, that the contract is unenforceable or void as against public policy.

**Case Chronological Background**

This lawsuit was filed in state court in June 2022. *See* Dkt. #8-1. The matter was then removed to federal court on August 5, 2022. Dkt. #3. Defendant filed its first motion to dismiss on August 12, 2022. Dkt. #14. Judge Martinez struck that first motion for failure to comply with his Revised Practice Standards, which require that the parties confer and attempt to stipulate to an amended complaint. Dkt. #18. Plaintiff filed its First Amended Complaint on September 2, 2022. Dkt. #20. Defendant moved to dismiss the First Amended Complaint on September 23, 2022. Dkt. #22.

Defendant moved to vacate the scheduling conference and stay all proceedings pending determination of the motion to dismiss the First Amended Complaint. Dkt. #25.

Plaintiff took "no position" on whether a stay would be appropriate, and therefore the Court agreed to not enter a scheduling order and stayed all discovery pending a determination of the motion to dismiss the First Amended Complaint. *See* Dkt. #29.

The case therefore has remained in limbo while Defendant's motion to dismiss is pending before Judge Martinez.

On May 8 of this year, Plaintiff hired new counsel. *See* Dkt. #30. Plaintiff's new counsel reviewed the First Amended Complaint and apparently recognized that it was missing critical facts needed to tell Plaintiff's full story. On June 6, 2023, Plaintiff moved for leave to file a Second Amended Complaint. Dkt. #36.

Defendant argues against granting leave to amend saying that Plaintiff has unduly delayed in moving to amend, that allowing amendment at this late date (after the motion to dismiss has been pending for many months) would be unduly prejudicial, and that the proposed amendment would be futile because it does not overcome the flaws in the prior complaint.

**Decision**

The general principle under Rule 15 is that leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). "Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *Minter* 451 F.3d at 1204 (quoting *United States v. Hougham*, 364 U.S. 310, 316, (1960)).

**Futility**

On the issue of futility of amendment, the Court declines to make that assessment. Leave to amend can be denied on the basis of futility when the proposed

4

amended complaint would be subject to a motion to dismiss. But here, Judge Martinez as not referred the motion to dismiss to me, electing to make that determination. There has been no finding that even the First Amended Complaint would be subject to dismissal. It would be presumptuous for me to decide that a proposed Second Amended Complaint would be futile when the First Amended Complaint, which had many fewer factual allegations, has not yet been dismissed. Therefore, the Court will not deny leave to amend on the grounds of futility.

**Untimeliness**

It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, *see Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir.1991); *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir.1990); *First City Bank v. Air Capitol Aircraft Sales*, 820 F.2d 1127, 1133 (10th Cir.1987), especially when the party filing the motion has no adequate explanation for the delay. *See Woolsey*, 934 F.2d at 1462. Furthermore, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Las Vegas Ice*, 893 F.2d at 1185.

There has arguably been undue delay in seeking amendment in this case. The explanation from Plaintiff is that he retained new counsel to offer a "second opinion" on the operative complaint, and new counsel identified significant factual holes that needed filling. Without meaningfully changing the claims, the proposed Second Amended Complaint does add significant factual detail to the allegations. And, because no discovery has taken place, the new facts added to the proposed Second Amended

5

Complaint were clearly known at the time the original and amended complaints were filed.

But just because undue delay can be a basis for denial of leave to amend, does not mean it must be.

The reality is that this case has progressed very little since it was filed last June, in large part because of Defendant's request that no scheduling order be entered and that no discovery take place while its motion to dismiss was being decided. There has been no unnecessary discovery done to explore the factual allegations of the First Amended Complaint. Thus, one kind of undue prejudice seen in undue delay situations is not seen here.

There is prejudice to Defendant because it has already written and submitted a detailed motion to dismiss (and an associated reply) which would be rendered moot by allowing the Second Amended Complaint. However, this prejudice can be cured by requiring that, as a condition of allowing amendment, Plaintiff be required to pay Defendant's attorneys' fees for briefing the initial motion to dismiss and its associated reply. Defendant may well move to dismiss the Second Amended Complaint, but a fee award for such a second motion would not be justified if the fees associated with the initial motion to dismiss are reimbursed.

There is also prejudice both to Defendant and the Court system as a whole from having a case lie stagnant on the docket without any progress. For Defendant, there is significant uncertainty and stress associated with being subject to a pending claim for hundreds of thousands (or millions) of dollars, like the looming sword of Damocles hanging over one's head. However, that is the reality of litigation in federal court, with

6

the average time to trial in the District of Colorado exceeding two years. Despite the delay in filing the Second Amended Complaint, we have not yet approached the time where the prejudice of being subject to a federal lawsuit has resulted in unfair or unexpected prejudice to Defendant.

**Conclusion**

Having considered the arguments of the parties and the briefing, and accepting Plaintiff's suggestion that the prejudice of having already filed one motion to dismiss can be cured by an award of attorneys' fees, Plaintiff's Motion for Leave to File a Second Amended Complaint (Dkt. #36) is **GRANTED.**

Plaintiff's Second Amended Complaint Dkt. #36-1 shall be deemed filed as of the date of this Order.

In order to alleviate the prejudice to Defendant from the delay in seeking leave to amend, Plaintiff shall pay Defendant's reasonable attorneys' fees associated with the preparation and filing of the motion to dismiss (Dkt. #22) and the reply in support thereof. (Dkt. #24).

Within seven days from the date of this Order, Defendant shall provide to Plaintiff an accounting of the reasonable attorneys' fees associated with preparation and filing of the Motion to Dismiss (Dkt. #22) and the Reply in Response to Motion to Dismiss (Dkt. #24). Within 14 days from the date of this Order, the parties will confer and try to reach agreement on the reasonable fees to be paid by Plaintiff. If agreement can be reached, the parties will provide a notice to the Court to that effect. If agreement cannot be reached, the parties shall contact the Court to schedule a hearing on the amount of fees. Five days before any such hearing, the parties will submit their respective

positions in briefs not to exceed seven pages in length (excluding any exhibits or supporting affidavits).

Dated:    June 30, 2023
            Denver, Colorado

_____
N. Reid. Neureiter
United States Magistrate Judge